**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORGE PEREZ-SERRANO,  )<br>     )<br>     **Petitioner**,  )<br>     )<br>v.   )<br>     )<br>     )<br>UNITED STATES OF AMERICA,  )<br>     )<br>     **Respondent.**  )<br>_____ ) | CV F 04-6617 AWI<br>(CR F 02-5190 AWI)<br><br>ORDER DENYING<br>PETITIONER'S MOTION TO<br>AMEND HIS MOTION TO<br>VACATE, MODIFY, OR SET<br>ASIDE THE JUDGMENT AND<br>DENYING AS MOOT<br>PETITIONER'S MOTIONS<br>FOR DIRECTED JUDGMENT,<br>DECLARATORY RELIEF,<br>AND MOTION TO COMPEL<br><br>(28 U.S.C. § 2255) |

In this case, petitioner Jorge Perez-Serrano ("Petitioner") seeks relief under 28 U.S.C. section 2255 (the "2255 Motion") from a sentence of 188 months of imprisonment that was imposed by this court on December 22, 2003, following petitioner's entry of a plea of guilty to a single count of violation of 21 U.S.C. §846 and 841(a)(1), conspiracy to distribute methamphetamine.  Petitioner's original 2255 Motion (the "2255 Motion") alleges essentially that Petitioner suffered ineffective assistance of counsel at his sentencing hearing because he was represented by an attorney who is not an attorney admitted to practice in this district and who is not licensed to practice law in California.

The court addressed Petitioner's allegation in an order filed December 22, 2005, in

which the court noted there is a Marcus Edward DeBose, whose name appears on the list of active attorneys on the California Bar Association's website.  The court issued an order directing Mr. DeBose to file a declaration stating that he did, or did not, represent Petitioner during Petitioner's sentencing hearing.  Unfortunately, the fact that the order was returned to the court as undeliverable was only recently brought to the court's attention.  The court has been apprised of the proper address and has re-issued the order.  The court's decision on Petitioner's 2255 Motion remains pending until a reply is received.

During the pendency of the court's consideration of Petitioner's 2255 Motion, petitioner has filed a motion to amend the 2255 Motion (the "Motion to Amend") and has filed a proposed amended 2255 Motion.  The Motion to Amend is the subject of this order.

## FACTUAL BACKGROUND

The Motion to Amend was filed on November 11, 2006.  The underlying legal basis for Petitioner's claim for relief remains the same as was set forth in the 2255 Motion; that is, ineffective assistance of counsel.  The Proposed Amended 2255 Motion incorporates Petitioner's original claim that he was denied effective assistance of counsel because the stand-in attorney who attended his sentencing is not admitted to practice in this district and is not admitted to the California State bar.  In addition, the proposed Amended 2255 Motion alleges Petitioner was denied effective assistance of counsel when his stand-in attorney: (1) failed to argue that his misdemeanor DUI conviction was without counsel and could not therefore be counted on his criminal history; (2) failed to argue for a 3-level reduction for acceptance of responsibility; (3) failed to request a "Mitigating Role Cap" on the sentence; and, (4) failed to file a notice of appeal after having been requested to do so.

## LEGAL STANDARD

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may

move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief.  Id.  Mere conclusory statements in a section 2255 motion are insufficient to require a hearing.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

The threshold issue is whether Petitioner may amend his original petition, which was filed timely on November 29, 2004, with the instant motion to amend, which was filed on November 6, 2006.

"The Federal Rules of Civil Procedure apply to motions to amend habeas corpus motions." United States v. Duffus, 174 F.3d 333, 336 (9th Cir.).  Petitions pursuant to section 2255 may not be amended under the provisions of Rule 15(a) where the statute of limitations has run.  Duffus, 174 F.3d 337.  Amendments to section 2255 under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), provide a one-year statute of limitations that begins to run at the latest of: (1) the date the judgment of conviction becomes final; (2) the date on which a government-created impediment to bringing a section 2255 action is removed; (3) the date on which a right to bring the action was initially recognized by the Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting a claim could

3

have been discovered through the exercise of due diligence.  28 U.S.C. § 2255 (1)-(4).

There is no argument in this case that any but the first of the possible starting dates for the running of the statute of limitation; that is, the date upon which judgment became final, applies.  Judgement against Petitioner was entered December 24, 2003; two days after Petitioner was sentenced.  If no appeal was filed,  judgment became final the day following the last day on which notice of appeal could have been filed.  In a criminal case, a notice of appeal must be filed within 10 days of the court's entry of judgment.  Fed. R. App. Proc. 4(b)(1)(A).  Therefore, in the absence of an appeal, Petitioner's judgment became final at the latest on January 4, 2004, and the one-year statute of limitations imposed by the AEDPA began to run on that date absent some fact justifying a different starting date for the running of limitations statute.

In the present case, an appeal was filed, although it was filed after the ten-day time limit provided by Rule 4(b)(1)(A).  Where an appeal is filed, the mandate of an appellate court creates a final judgement in a case.  Thornber v. City of Fort Walton Beach, 622 So.2d 570, 572 (Fla. Dist. Ct. App. 1993).  "'[F]inal judgment' is defined as the date on which the appellate process 'is terminated'." U.S. v. Cook, 705 F.2d 350, 351 (9th Cir. 1983).  In this case, the appellate process was terminated on May 24, 2004, with the voluntary dismissal of the appeal.  The court need not determine here whether the one-year time period for filing a habeas petition, or amending an already filed habeas petition, began to run on January 4, 2004, or on May 24, 2004.  Petitioner's Motion to Amend was not filed until well after the one-year statute of limitations had run using either date as the starting date.  The court is without jurisdiction to address the arguments Petitioner raises in his proposed Amended 2255 Motion because the statute of limitations had run well before the Motion to Amend had been filed, even if the court uses the stating date most favorable to Petitioner.

Petitioner suffers no injustice by the court's refusal to grant leave to amend Petitioner's 2255 Motion.  The court has reviewed each of the new claims set forth in the

4

proposed Amended 2255 Motion, and finds that none of the new claims are supported by fact. As to Petitioner's criminal history category, Petitioner's attorney made an extended argument that his misdemeanor DUI conviction, which Petitioner characterizes as "un-counseled," should not be used in the computation of Petitioner's criminal history. Ultimately, the court determined that the fact that Petitioner committed the instant offense while on probation from the prior offense, justified the computation by the Probation Department of a criminal history category of II. The fact that counsel's arguments were not persuasive does not mean counsel was ineffective. Although the argument may not have been presented exactly as Petitioner would have preferred, Petitioner's attorney argued sufficiently to give the court the best rationale for reducing Petitioner's computed criminal history category.

Petitioner's claims regarding the failure of his attorney to argue for a three-level reduction for acceptance of responsibility or for a mitigating role cap are similarly without a factual basis. An examination of the transcript of the sentencing proceedings reveals that a three-level reduction in the offense level was granted for the acceptance of responsibility, and Petitioner's attorney did argue, albeit unsuccessfully, for a mitigating role cap.

Petitioner's contention that he suffered ineffective assistance of counsel when his attorney did not respond to Petitioner's request to file a notice of appeal is without merit because Petitioner clearly waived right to an appeal or to collaterally attack his sentence as a part of his plea agreement.

Petitioner is reminded that his Motion to Amend must be denied because the statute of limitations has run on the additional claims Petitioner alleges in the proposed Amended 2255 Motion. The forgoing discussion on the merits of Plaintiff's contentions under the proposed Amended 2255 Motion is only intended to explain and illustrate the court's observation that, by denying Petitioner's Motion to Amend, the court does not deprive Petitioner of any right or remedy to which he would have otherwise have been entitled.

The court notes that, beginning on March 8, 2005, about three months after Petitioner's 2255 Motion was filed and continuing to June 24, 2005, Petitioner filed three additional motions that were apparently intended to propel the process of consideration of the original 2255 Motion. The first, captioned as a notice of non-opposition, was filed on March 8, 2005, and requested a "directed verdict" as to Petitioner's 2255 Motion. Doc. # 83. The second, filed on May 12, 2007, was captioned as a request for declaratory relief, and requested that Petitioner be granted a jury trial on his arguments regarding his claim of ineffective assistance of counsel. The third, styled as a "motion to compel" sought to require the court's response to Petitioner's 2255 Motion. Doc. # 88. No legal basis was asserted to support any of these motions. Regardless of the presence or absence of any legal foundation, the motions are moot in light of this order and in light of the court's anticipated resolution of Petitioner's 2255 Motion within a very short time.

THEREFORE, in accord with the foregoing discussion, Petitioner's Motion to Amend is hereby DENIED. Petitioner's motions for directed verdict, for declaratory judgment, and to compel are each hereby DENIED as moot.

IT IS SO ORDERED.

Dated:     **June 25, 2007**                              **/s/ Anthony W. Ishii**
                                                         UNITED STATES DISTRICT JUDGE