IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PEREZ-SERRANO,<br><br>                    Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CV F 04-6617 AWI<br>(CR F 02-5190 AWI)<br><br>ORDER DENYING PETITIONER'S MOTION TO VACATE, MODIFY, OR SET ASIDE THE JUDGMENT AND DENYING MOTION TO APPOINT COUNSEL<br><br>(28 U.S.C. § 2255) |

## INTRODUCTION

Petitioner Jorge Perez-Serrano ("Petitioner") seeks relief under 28 U.S.C. section 2255 from a sentence of 188 months of imprisonment that was imposed by this court on December 22, 2003, following petitioner's entry of a plea of guilty to a single count of violation of 21 U.S.C. §846 and 841(a)(1), conspiracy to distribute methamphetamine. In an order filed on December 22, 2005, the court determined it lacked sufficient evidence to adequately screen Petitioner's claim of ineffective assistance of counsel.  The court issued an order directing the attorney in question, Mr. Marcus DeBose ("DeBose"), to file a declaration stating that he did, or did not, represent Petitioner during Petitioner's sentencing hearing and that he was or was not a member of the California State Bar.  The court's first order was returned to the court as undeliverable and the order was re-issued to an updated address.  On

August 29, 2007, DeBose responded to the court's order. Being in receipt of DeBose's declaration pursuant to the court's order, the court now proceeds to final determination of Petitioner's claim of ineffective assistance of counsel.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Petitioner has filed two motions pursuant to section 2255. The first is the original motion pursuant to 28 U.S.C., section 2255 (the "2255 Motion"), which is the subject of this memorandum opinion and order. The 2255 Motion was timely filed on November 29, 2004. The underlying legal basis for Petitioner's original claim for relief in the 2255 Motion is ineffective assistance of counsel. In that motion, Petitioner alleges he suffered ineffective assistance of counsel at his sentencing hearing because he was represented by an attorney who is not an attorney admitted to practice in this district and who is not licensed to practice law in California. In an order filed on December 22, 2005 (the "December 22 Order"), the court determined that there was a slight discrepancy between the name given to the court by Petitioner's stand-in attorney at the time of the sentencing hearing, and the very similar name that appears on the membership list of the California State bar. The court's December 22 Order directed Petitioner's attorney to submit a declaration clarifying the discrepancy.

On November 6, 2006, Petitioner filed his second motion, which was a motion to amend his section 2255 petition (hereinafter, the "Motion to Amend"). When the court took up consideration of Petitioner's Motion to Amend, it came to light that the court's first attempt to serve the December 22 Order on DeBose failed because the court possessed an outdated address. The court re-issued the order using a corrected address. At the same time, the court considered Petitioner's Motion to Amend the petition to include claims alleging Petitioner suffered ineffective assistance of counsel because his counsel: (1) failed to argue that his misdemeanor DUI conviction was without counsel and could not therefore be counted in his criminal history; (2) failed to argue for a 3-level reduction for acceptance of responsibility; (3) failed to request a "Mitigating Role Cap" on the sentence; and, (4) failed to

2

file a notice of appeal after having been requested to do so. In a memorandum opinion and order filed June 26, 2007, the court denied the Motion to Amend on the ground it was time-barred. In the June 26 Order, the court noted that Petitioner suffered no prejudice as a result of the denial because each of Petitioner's proposed additional claims were unsupported by the record.

On or about August 29, 2007, the court received DeBose's declaration pursuant to the court's December 22 Order.

## LEGAL STANDARD

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997). To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

The DeBose Declaration states that the declarant, Marcus E. DeBose, was admitted to the California State Bar on December 4, 2001, and has maintained membership in good

standing since that date. DeBose declares that he was admitted to practice in the Southern District of California as of the dates of both his appearances in this court; that is, on September 22, 2003, and on December 22, 2003. DeBose states he "failed to comply with Local Rule 83-180 regarding admission to practice before the Federal Court for the Eastern District of California." DeBose also states he "was the 'Mark DeBose' that appeared on September 22, 2003, and December 22, 2003, on behalf of the petitioner in [this] case."[1]

The court has examined the DeBose declaration and the exhibits appended thereto and finds that the declaration and the exhibits are sufficient to establish that the Mark DeBose that is listed as Petitioner's counsel during the hearings in this court on September 22, 2003, and on December 22, 2003, is the same as the declarant, Marcus E. DeBose, who is listed as a member of the California State Bar and who is admitted to practice before the Southern District, but not before this district.

As the court previously noted, the Ninth Circuit has held that the guarantee of a right to counsel means a guarantee of a right to representation "by an attorney admitted to practice law." United States v. Hoffman, 733 F.2d 596, 599 (9th Cir. 1984). The mere failure of an attorney to properly follow local rules to be admitted to practice before a particular court prior to representation of a defendant before that court is not sufficient a depravation to trigger an assumption of prejudicial denial of right to counsel. Because Petitioner's 2255 Motion is grounded on the allegation of a per se violation of the right to effective assistance of counsel, the court finds that Petitioner's claim is unsupported. Dismissal of Petitioner's claim is therefore required.

The court also notes that during the pendency of the court's consideration of Petitioner's 2255 Motion, Petitioner has requested the appointment of counsel. There

---

[1] The court notes the case number in the caption of the DeBose Declaration is 07cr0620 -BTM. This case number does not correspond to any case before this court, nor do the initials correspond to the initials of any judge in this court. The court assumes the case number noted is inadvertently erroneous.

currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). Title 18 U.S.C. § 3006A, however, authorizes appointment of counsel at any stage of a petition for writ of habeas corpus "if the interests of justice so requires." Rule 8(c), Rules Governing Section 2254 Cases; see also 18 U.S.C.§ 3006A(a)(2)(B); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Petitioner's stated reason for his request for appointment of counsel is to assist Petitioner to present his claims of ineffective assistance of counsel. The court has already evaluated Petitioner's claims with respect to ineffective assistance of counsel and has determined that, notwithstanding the fact that any additional claims are time-barred, the claims Petitioner seeks to assert lack factual support. To the extent Petitioner may wish to raise other claims within his present 2255 Motion, as the court has previously explained any additional claims are also time-barred. The interests of justice do not weigh in favor of granting Petitioner's motion for appointment of counsel because neither Petitioner's request nor the court's own review of the record reveal any issue that would benefit from the attention of an appointed attorney.

THEREFORE, in accord with the foregoing discussion, Petitioner's motion for relief pursuant to 28 U.S.C., section 2255 is hereby DENIED and the motion is ordered DISMISSED. Petitioner's request for appointment of counsel is hereby DENIED. The Clerk of the Court shall CLOSE THE CASE.

IT IS SO ORDERED.

**Dated:   September 11, 2007**            /s/ Anthony W. Ishii
                                       UNITED STATES DISTRICT JUDGE

5