IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PEREZ-SERRANO, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | CV F 04-6617 AWI <br> (CR F 02-5190 AWI) <br><br> **ORDER DENYING** <br> **CERTIFICATE OF** <br> **APPEALABILITY** <br><br> **(28 U.S.C. § 2255)** |

On September 12, 2007, the court issued an order (the "September 12 Order") denying petitioner Jorge Perez-Serrano's ("Petitioner's") motion for habeas relief pursuant to 28 U.S.C. section 2255 (the "habeas Petition"). On September 19, 2007, Petitioner filed a document titled "Defendant's Notice of Appeal Pursuant to 18 U.S.C., § 3742 (hereinafter the "Notice"). Petitioner's Notice is somewhat ambiguous in that the Notice is filed under both Petitioner's criminal case number and the habeas case number, which would be normal if it was Petitioner's intent to appeal this court's denial of Petitioner's habeas Petition, however Petitioner's Notice does not mention the court's denial of the habeas Petition and appears to be instead a direct appeal of the judgment pursuant to 18 U.S.C., section 3742.

The court also notes that Petitioner's Notice indicates that the issues Petitioner seeks to appeal appear to be the same issues that Petitioner attempted to raise by way of amendment

to his habeas Petition. Petitioner's motion to amend was denied by the order of the court on June 26, 2007. Doc. # 106. The court found that the amendment was time-barred, and that even if the amendment had not been time-barred the issues raised by the motion to amend were not factually supported.

Thus, it is unclear whether it was actually Petitioner's intent to directly appeal his judgment and conviction or whether Petitioner intends to appeal this court's denial of either his motion to amend his habeas Petition and/or to appeal the court's denial of the Petition itself. Because an appeal of the denial of a habeas petition requires the court to issue a certificate of appeal, the court will address Petitioner's Notice under the presumption that it is Petitioner's intent to appeal Petitioner's motion to amend his Petition or to appeal the denial of Petitioner's habeas Petition.

Although no express request was made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate.   See United States v. Asrar, 108 F.3d 217, 218 (9th Cir. 1997); Fed. R.App. P. 22(b). The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Supreme Court has found that the Court should issue a certificate of appealability

when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. <u>Slack v. McDaniel</u>, 120 S.Ct. 1595, 1603 (2000). The requirement that the petitioner seek a certificate of appealability is a gate-keeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the Court that through full briefing and argument the potential merit of claims may appear. <u>Lambright v. Stewart</u>, Nos. 96-99020, 96-99025, 96-99026, 2000 WL 1118937 (9th Cir. Aug. 4, 2000). The Supreme Court has found that the even the application of an apparently controlling Ninth Circuit rule can be debatable if it conflicts with the rules of another circuit or there is reasonable argument of why the Ninth Circuit should reconsider the Ninth circuit rule. <u>See</u> <u>id</u>.

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not debate that petitioner has not shown how he is entitled to federal habeas corpus relief. To the extent Petitioner is seeking to appeal the court's denial of his motion to amend his habeas Petition, the court's denial could not be found debatable by reasonable jurists because any further amendment of the habeas Petition was and is time-barred. Accordingly, the Court hereby ORDERS that petitioner's request for a certificate of appealability is DENIED both as to the court's denial of Petitioner's motion to amend and as to the court's denial of Petitioner's habeas Petition.

IT IS SO ORDERED.

**Dated:     October 5, 2007**              /s/ Anthony W. Ishii
                                            UNITED STATES DISTRICT JUDGE